CARAWAY, J.,
concurring.
hi do not view this matter,as a situation involving the “discharge of one’s attorney,” over which the trial court has broad discretion in consideration of a continuance. The client is a minor, not Queen, so this is the case of the discharge of a minor’s attorney by a tutor) who must manage the minor’s civil actions and property as a fiduciary. La. C.C.P. art, 4061.1. The duty to act as tutor in a fiduciary capacity was breached by the forcing of the tutor into the role of legal representative at .trial under the circumstances of this case. The trial judge, in a broad sense, is- required to monitor the tutor’s mismanagement of the minor’s property and civil actions under the principles expressed in La. C.C.P. arts. 4234 and 4265 and to prevent such .malfeasance if possible. The minor’s interests were harmed by Queen’s dispute with pri- or counsel. Yet her corrective actions for new counsel' occurred without unreasonable delay. Therefore, I agree with reversal of the trial court’s actions.